IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CACEY COLLEEN COX, and HUNTER BROWN, | |
| Plaintiffs, | 8:22CV249 |
| vs. | ORDER |
| SHANNON EBEL, LIZ KURZ, and REBECCA HARLING, | |
| Defendants. | |

Plaintiffs Cacey Colleen Cox and Hunter Brown filed a joint Motion for Leave to Proceed In Forma Paupers ("IFP"). Filing No. 2. Pursuant to 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." "[I]f multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status." *Anderson v. California*, No. 10 CV 2216 MMA AJB, 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010). Moreover, if one Plaintiff cannot proceed IFP, then none of the Plaintiffs in a jointly prosecuted litigation may proceed IFP. *Black Elk v. Roy*, No. 18-CV-3255 (DWF/LIB), 2019 WL 885641, at *1 (D. Minn. Feb. 5, 2019), *report and recommendation adopted sub nom. Elk v. Roy*, No. CV 18-3255 (DWF/LIB), 2019 WL 858671 (D. Minn. Feb. 22, 2019) (citing *Anderson*, supra)).

Here, the Court cannot clearly ascertain whether the statements regarding available assets and outstanding obligations in Plaintiffs' IFP motion apply to both individuals or only one of them. Thus, the court cannot determine whether each Plaintiff qualifies for IFP status. Accordingly, the court will require Plaintiff Cox and Plaintiff Brown to each submit a separate motion for leave to proceed IFP. Alternatively, Plaintiffs have the choice of submitting the $402.00 filing and administrative fees to the clerk's office. Failure to take either action within 30 days will result in the court dismissing this case without further notice.

Additionally, the complaint contains contact information for Cox but not Brown. Filing No. 1 at CM/ECF p. 1. Plaintiffs have an obligation to keep the court informed of their current address at all times. *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the court of address changes within 30 days). This case cannot be prosecuted in this court if Plaintiff Brown's whereabouts remain unknown.

IT IS THEREFORE ORDERED that:

1. Plaintiffs' joint Motion for Leave to Proceed IFP, Filing no. 2, is denied without prejudice to reassertion in a motion to proceed in forma pauperis that complies with 28 U.S.C. § 1915 filed by each individual Plaintiff.

2. Plaintiffs are directed to submit the $402.00 fees to the clerk's office or submit individual requests to proceed in forma pauperis within 30 days. Failure to take either action will result in dismissal of this matter without further notice.

3. The clerk of the court is directed to send one Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") to Plaintiff Cox and one Form AO240 to Plaintiff Brown at the address provided by Plaintiff Cox.

4. Plaintiff Brown must update his address within 30 days. Failure to do so will result in dismissal of Brown from this action without further notice.

5. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 12, 2022**: check for MIFP or payment and Brown's address.

Dated this 13th day of July, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3