IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CACEY COLLEEN COX, and HUNTER BROWN, | |
| Plaintiffs, | 8:22CV249 |
| vs. | MEMORANDUM AND ORDER |
| SHANNON EBEL, LIZ KURZ, and REBECCA HARLING, | |
| Defendants. | |

Plaintiffs Cacey Colleen Cox ("Cox") and Hunter Brown ("Brown") (collectively "Plaintiffs") filed their Complaint on July 11, 2022. Filing No. 1. Plaintiffs have been given leave to proceed in forma pauperis. Filing No. 8. The Court now conducts an initial review of Plaintiffs' pro se Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e).

**I. SUMMARY OF COMPLAINT**

The subject matter of the case is the alleged unconstitutional actions taken by three state officials Plaintiffs named in their Complaint: Nebraska Department of Health and Human Services caseworkers Shannon Ebel and Liz Kurz, and Lincoln County prosecutor Rebecca Harling.[1] Filing No. 1. Plaintiffs allege that on March 30, 2022, Ebel

---

[1] It is unclear from the Complaint if Plaintiffs sue the defendants in their individual or official capacities. See Filing No. 1.

removed their children from the family home and placed them in foster care without explanation, that Kurz refused to tell Plaintiffs why their children were removed and did not allow Plaintiffs' family the opportunity to foster their children, and Harling forced Plaintiffs to abandon their plans to go to trial and enter a no contest plea via threats of proceeding with an action for termination of parental rights if the plea was not taken. *Id.* at CM/ECF pp. 6–7.

Plaintiffs allege federal question jurisdiction for what they contend was a violation of "constitutional tort rights = our rights to due process." *Id.* at CM/ECF p. 3. Plaintiffs seek return of their children and $100,000 collectively from Defendants for emotional distress damages. *Id.* at CM/ECF p. 6.

## II. APPLICABLE STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth

enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or their complaint shall be dismissed. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

### III. DISCUSSION OF CLAIMS

The Court has reviewed Plaintiffs' Complaint, and although complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, *and also* must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (emphasis added); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

Here it is not possible for the Court to make such a determination based on the facts as plead as Plaintiffs' Complaint fails to meet this minimal pleading standard. As such, on the Court's own motion, Plaintiffs shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes their

claims against the Defendants. *Plaintiffs should be mindful to clearly explain what Defendants did to them, when Defendants did it, how Defendants' actions harmed them, and what specific legal rights Plaintiffs believe Defendants violated.* If Plaintiffs fail to file an amended complaint in accordance with this Memorandum and Order, their claims against Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2) after they address the matters set forth in this Memorandum and Order. Accordingly,

IT IS ORDERED:

1. Plaintiffs shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiffs fail to file an amended complaint, their claims against Defendants will be dismissed without further notice.

2. The Clerk's Office is directed to send to Plaintiffs a copy of the civil complaint form.

3. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 30, 2022:** Check for amended complaint.

4. Plaintiffs shall keep the Court informed of their current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 31st day of August, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge